# COUNTY OF AROOSTOOK.

## STATE *versus* PUTNAM.

Whether the Court on motion will *quash* an indictment, is within its *discretion,* and a refusal furnishes no ground of exceptions.

The fact, that one is the duly appointed agent of the town, furnishes no protection against prosecutions for selling liquor, if the property in and the profits of selling it, are his.

ON EXCEPTIONS from *Nisi Prius,* HATHAWAY, J., presiding.

INDICTMENT against defendant, for being a common seller of spirituous liquors, between April and September, 1853.

A motion was made to quash the indictment for not being certified by the foreman of the grand jury, whose name was Benjamin B. Smith, and the indictment was certified by "B. B. Smith." The motion was denied.

The defence was, that the defendant was licensed by the selectmen of Houlton where he lived, and the alleged offence was committed.

A certificate was produced from the selectmen of that .town, showing that the defendant was the agent during the time covered by the indictment.

It appeared by the testimony of one of the selectmen, that at the time of the appointment, it was agreed that the defendant should purchase the liquors, and have the profits made on the sales for his pay for selling them.

The Judge instructed the jury, that if such was the agreement, and the sales by defendant were made in pursuance thereof, the license furnished the defendant no protection against the indictment.

To the ruling and instructions of the Judge the defendant excepted.

*Peters,* in support of the exceptions.

*Evans,* Attorney General, *contra.*

APPLETON, J. — It is within the discretion of the Court in which an indictment is pending, to quash it or to leave the defendant to his motion in arrest of judgment. The refusal to quash an indictment is not a proper subject of exception. The party indicted has his remedy by motion in arrest of judgment, or by demurrer to the indictment. *State* v. *Stuart,* 23 Maine, 111; *Com.* v. *Eastman,* 1 Cush. 189; *State* v. *Barnes,* 29 Maine, 561.

The testimony of Smith was received without objection. From that, it appeared, when the certificate of his appointment as agent was given the defendant, that it was agreed between him and the selectmen of Houlton, that he should purchase the liquors and have the profits made on the sale thereof for his pay for selling them.

It is apparent if the liquors sold, were the defendants, and if the profits derived from their sale were his, that he could not in such case be deemed as acting as agent. It would be a novel kind of agency, where the agent purchases

and owns the goods which he sells, and retains all the profits from the operation. The sales by the defendant of his own liquor for his own profit, cannot be considered as having been made by him as agent for the town, who neither owned the liquors nor participated in whole or in part in the profits derived from such sales. The Act of 1853, c. 48, § 8, provides "*that no agent shall have any interest in such liquors or in the profits of the sales thereof.*" To·allow the defendant under the circumstances of this case the protection, which he claims as agent, when the case finds he was not in fact agent, but was the principal in all the sales made and alone interested in the profits, would be to repeal the statute.

The instructions given were in entire accordance with the language and intention of the Act, and the exceptions thereto must be overruled. *Exceptions overruled.*

SHEPLEY, C. J., and TENNEY and HOWARD, J. J., concurred.